**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

CASE NO.:

LUIS GONZALEZ,

    Plaintiff,

v.

GRANDMA'S PIZZA INC.,
a Florida Profit Corporation,

    Defendant.

_____/

## **COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, LUIS GONZALEZ ("Plaintiff" or "Mr. Gonzalez"), by and through his undersigned counsel, files this Complaint against Defendant, GRANDMA'S PIZZA INC. ("Defendant" or "GPI"), and states as follows:

### **NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

### **PARTIES, JURISDICTION, AND VENUE**

2. Mr. Gonzalez was an employee who performed services on behalf of Defendant in Royal Palm Beach, Palm Beach County, Florida.

3. GPI is a Florida profit corporation located in Delray Beach, Palm Beach County, Florida, and which, at all times relevant, performed work in Palm Beach County, Florida.

1

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Palm Beach County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant was primarily engaged in operating a pizza parlor in Royal Palm Beach, Palm Beach County, Florida.

13. At all times material hereto, Plaintiff was "engaged in commerce" within

the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as foodstuffs, beverages, telephones, etc., but which had come to rest within its headquarters site and pizza parlor in Palm Beach County, Florida.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Managers like Plaintiff.

## FACTUAL ALLEGATIONS

17. Mr. Gonzalez worked for Defendant as General Manager of Defendant's Grandma's Brooklyn Pizza restaurant in Royal Palm Beach, Palm Beach County, Florida, from September 16, 2020, until his separation from Defendant on July 11, 2021.

18. Throughout his time with GPI, Mr. Gonzalez was paid a fixed hourly rate of $15.00 per hour, and was not paid any overtime premium no matter how many hours in excess of forty (40) he worked in a given week, and was instead paid for those hours at his regular fixed hourly rate of $15.00 per hour.

19. Mr. Gonzalez always worked in Palm Beach County, Florida, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

20. Mr. Gonzalez had no authority to hire or fire employees of GPI.

21. Mr. Gonzalez had no authority to discipline employees of GPI.

22. Mr. Gonzalez had no authority to set rates of pay for other employees or agents of GPI.

23. Mr. Gonzalez had no input into performance reviews of other employees or agents of GPI.

24. All of Mr. Gonzalez's major decisions had to be cleared in advance by one of GPI's supervisors.

25. Mr. Gonzalez was closely monitored by GPI's managers and supervisors at all times.

26. Mr. Gonzalez followed procedures established by GPI and did exactly as he was instructed to do.

27. Mr. Gonzalez's primary duties were to prepare food for GPI's patrons, deliver food and beverages to patrons' tables, and provide guidance to GPI employees at times.

28. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

29. Plaintiff regularly worked sixty-five (65) or more hours per week for Defendant during his employment with Defendant.

30. From November of 2020 through February of 2021, Plaintiff regularly worked seventy-two (72) or more hours per week for Defendant.

31. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

32. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

33. Defendant consistently failed to pay Plaintiff any overtime premium at all for overtime hours that he worked during his employment.

34. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

35. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

36. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

38. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

39. While Plaintiff does not have all of his time records, Plaintiff estimates his FLSA damages to be:

<u>September 16, 2020 through November 1, 2020 (approximately 7 weeks)</u>:

Based on a time-and-a-half method, Plaintiff calculates his damages as follows:

25 hours (approximate overtime hours per week) X $7.50 (unpaid overtime premium based on $15.00 per hour rate of pay) = $ 187.50 unpaid overtime compensation per week.

$187.50 (unpaid overtime compensation per week) X 7 weeks = $1,312.50

<u>November 1, 2020 through February 28, 2021 (approximately 17 weeks)</u>:

Based on a time-and-a-half method, Plaintiff calculates his damages as follows:

32 hours (approximate overtime hours per week) X $7.50 (unpaid overtime premium based on $15.00 per hour rate of pay) = $ 240.000 unpaid overtime compensation per week.

$240.00 (unpaid overtime compensation per week) X 17 weeks = $4,080.00

<u>March 1, 2021 through July 11, 2021 (approximately 19 weeks)</u>:

Based on a time-and-a-half method, Plaintiff calculates his damages as follows:

25 hours (approximate overtime hours per week) X $7.50 (unpaid overtime premium based on $15.00 per hour rate of pay) = $ 187.50 unpaid overtime compensation per week.

$187.50 (unpaid overtime compensation per week) X 19 weeks = $3,562.50

TOTAL: $8,955.00 (unliquidated) and, if liquidated, $17,910.00

40. Based on the allegations in Paragraphs 36-38, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

41. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

42. Plaintiff reincorporates and re-alleges paragraphs 1 through 40 of the Complaint as though set forth fully herein, and further alleges as follows:

43. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

44. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

45. Plaintiff was not an exempt employee as defined by the FLSA, and was instead a non-exempt employee as defined by the FLSA.

46. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 2nd day of September, 2022.

                Respectfully submitted,

                **By: /s/Noah E. Storch**
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile:  (954) 337-2771
                E-mail:noah@floridaovertimelawyer.com

                *Trial Counsel for Plaintiff*